### In re M. R. WRIGHT & BRO.

District Court, W. D. South Carolina.
September 27, 1926.

No. 833.

1. Bankruptcy ⊙⇒481—Court must carefully scrutinize demands for fees, and see that bankrupt estates are economically administered.

It is always the duty of the court to carefully scrutinize demands for fees in bankruptcy, and to see to it that bankrupt estates are administered with the utmost economy.

2. Bankruptcy ⊙⇒482(3)—$250 attorney fee, recommended by referee for representing bankrupts in involuntary proceedings in $6,576.64 estate, reduced to $150.

Attorney fee of $250, recommended by referee in bankruptcy for representing bankrupts in involuntary proceeding, by preparing schedules and attending first meeting of creditors, in estate consisting of $6,576.64 cash, held excessive, and reduced to $150.

In Bankruptcy. In the matter of the bankruptcy of M. R. Wright & Bro., a partnership composed of M. R. Wright and another, and M. R. Wright and another, individually. On petition of J. William Thurmond for allowance of fee for representing bankrupts. Amount recommended by referee reduced, and smaller amount allowed.

WATKINS, District Judge. This matter comes before me upon the petition of J. William Thurmond, Esq., to be allowed a fee of $250 for representing the bankrupts herein, who were so adjudged upon involuntary proceedings. The petition does not show that any extraordinary services were required, but that the petitioner prepared the necessary schedules, advised the bankrupts on all matters involved in the proceedings, and attended the first meeting of creditors. The gross amount of cash realized was $6,576.64, and it would appear that the general creditors will receive dividends amounting to 40 per cent. or more. It is clear to my mind that the services performed by the bankrupt's attorney did materially aid and hasten the administration of the estate, which was handled in such a satisfactory manner that it was unnecessary for the trustee to employ an attorney to represent him.

[1, 2] The statute limits compensation for services rendered to the bankrupt while performing the duties put on him by the act. In some cases it has been held that an attorney cannot be compensated for attending even the first meeting of creditors, unless it should be shown that questions were or were to be presented requiring the expert advice of an attorney. Ordinarily the fee to the attorney for an involuntary bankrupt has been fixed at a somewhat nominal amount. In a comparatively small estate, like the one under consideration, the fee should ordinarily not exceed $100, and frequently should be fixed at a smaller sum. In this case the referee, who had charge of the estate, after sending out the requisite notices and hearing objections of creditors, has recommended a fee of $250. No exceptions have been filed to his report, but the objections of certain creditors are entered in the record, and, whether this course be pursued or not, it is always the duty of the court carefully to scrutinize demands for fees and as has been suggested by the Supreme Court, to see to it that bankrupt estates are administered with the utmost of economy.

A careful review of the record in this case leads me to the conclusion that the amount recommended by the referee should be reduced, and that to allow a fee in excess of $150 would be one beyond the amount contemplated by the statute and beyond the amount which has been approved by the appellate courts generally in a case of this sort.

Whereupon, after due consideration, it is ordered and adjudged that the fee for J. William Thurmond, Esq., for representing the bankrupts herein, be and the same is hereby fixed at the sum of $150, and it is further ordered that the trustee be and he is hereby authorized to issue his check on funds of the said estate to the said J. William Thurmond, Esq., in the sum of $150 in full of said fee.